UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOYCE MAY BELANGER, | ) |
| | ) |
|             Plaintiff | ) |
| | ) |
| v. | )    No. 2:17-cv-00039-JHR |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
|             Defendant | ) |

### MEMORANDUM DECISION[1]

This Social Security Disability ("SSD") appeal raises the question of whether the administrative law judge ("ALJ") supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the bases that the ALJ (i) failed to evaluate or give weight to a Veterans Administration ("VA") determination that she is unemployable and totally and permanently disabled, (ii) erred in evaluating the opinion of her treating therapist, Allyson Fish, L.C.S.W., and (iii) erred in evaluating her credibility. *See* Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Statement of Errors") (ECF No. 10) at 2-4. I conclude that remand is warranted based on the ALJ's handling of the VA disability ratings decision and, accordingly, vacate the

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record. The parties have consented to have me conduct all proceedings in this matter, including the entry of judgment. ECF No. 14.

1

commissioner's decision and remand this case for further proceedings consistent herewith. I need not and do not reach the plaintiff's remaining points of error.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2015, Finding 1, Record at 11; that she had severe impairments of left knee osteoarthritis, status post arthroscopy, and post-traumatic stress disorder ("PTSD"), Finding 3, *id*. at 11; that she had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), except that she could stand/walk for two hours and sit for six hours in an eight-hour period, could never climb ladders, ropes, or scaffolds, could occasionally climb ramps and stairs, kneel, and crawl, could frequently stoop and crouch, could only occasionally work around dangerous machinery or at unprotected heights, should avoid walking on uneven surfaces, could not perform complicated or detailed tasks, could not interact with the public as part of her job duties, and was limited to occasional, superficial interaction with coworkers and supervisors, Finding 5, *id*. at 14; that, considering her age (41 years old, defined as a younger individual, on her alleged disability onset date, March 3, 2010), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 7-10, *id*. at 22; and that she, therefore, had not been disabled from March 3, 2010, through the date of the decision, November 3, 2015, Finding 11, *id*. at 23. The Appeals Council declined to review the decision, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

In this district, "[a] failure to accord some weight to a VA disability determination requires remand[,]" and "a passing reference to [such a determination] or a perfunctory rejection of it . . . will not suffice." *Flannery v. Barnhart*, No. 06-37-B-W, 2006 WL 2827656 at *2 (D. Me. Sept. 29, 2006) (rec. dec., *aff'd* Oct. 20, 2006) (citation and internal quotation marks omitted). The plaintiff contends that the ALJ committed those very errors in this case, warranting remand. *See* Statement of Errors at 2. I agree.

By decision dated February 26, 2014, the VA determined that, effective January 1, 2014, the plaintiff was 80 percent disabled by service-connected disabilities but that she would be paid at a 100 percent rate because those disabilities rendered her unemployable. *See* Record at 138. That rating, in turn, appears to have been based on individual disability ratings of 70 percent for

3

PTSD, 30 percent for a knee condition, 10 percent for limited flexion of the knee, and 10 percent for limited extension of the knee. *See id*. at 408.

In summarizing the evidence of record, the ALJ mentioned that the plaintiff "was found 100% disabled and she receives monthly VA disability benefits." *Id*. at 15 (footnote omitted). She elaborated, in a footnote:

> On February 26, 2014, the [plaintiff] was determined 100% disabled; she was found "unemployable due to [her] service-connected disabilities." However, the Social Security Administration makes determinations of disability according to its own law and regulations. Consequently, a determination of disability by the VA is not binding on this Administration (20 CFR 404.1504; *see also* [Social Security Ruling ("SSR")] 96-5p).

*Id.* at 15 n.1 (citation omitted). This constituted the entirety of the ALJ's discussion of the VA disability ratings decision.

As the plaintiff observes, *see* Statement of Errors at 2, that discussion is nearly identical to one in *Genness-Bilecki v. Colvin*, No. 1:15-cv-387-JHR, 2016 WL 4766229, at *2-5 (D. Me. Sept. 13, 2016), that this court deemed sufficiently deficient to warrant remand.

In *Genness-Bilecki*, as here, the ALJ acknowledged that the VA had deemed the claimant disabled but added: "The undersigned notes that 20 CFR 404.1504 and 416.904 specifically provide that a decision by any other governmental agency about whether an individual is disabled is based on its rules and not binding upon the Social Security Administration." *Genness-Bilecki*, 2016 WL 4766229, at *2 (citation and internal quotation marks omitted). As here, that observation comprised the entirety of the ALJ's discussion of the claimant's VA disability ratings decision. *See id*. This court held that the ALJ's "out of hand" dismissal of the VA decision "on the sole basis that the standards differ" warranted remand, as did the ALJ's failure to accord some weight to the decision. *Id*. at *3.

4

The commissioner concedes that an ALJ must give some weight to a VA disability ratings decision but argues that in this case, as in the more recent case of *West v. Colvin*, No. 1:16-cv-00157-JAW, 2016 WL 7048694 (D. Me. Dec. 5, 2016) (rec. dec., *aff'd* Dec. 29, 2016), *aff'd sub nom. West v. Berryhill*, No. 17-1170, 2017 WL 6499834 (1st Cir. Dec. 11, 2017), remand is unwarranted because the ALJ can be discerned to have given the VA decision some weight by virtue of her reliance on the same VA records on which the VA decision was based. *See* Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 12) at 2.

The commissioner contends that here, as in *West*, (i) the bulk of the medical evidence came from VA sources, (ii) "[t]he ALJ accepted that the impairments the VA rated as partially disabling were severe," (iii) the ALJ "thoroughly discussed" medical evidence from VA sources in determining that the plaintiff had the capacity to perform a range of light, unskilled work despite her knee impairment and PTSD, and (iv) "[t]he ALJ's step three and RFC findings . . . [we]re supported by the opinions of the State agency consultants," who had also thoroughly reviewed the plaintiff's VA medical records. *Id.* at 2-3 (citations omitted).

Yet, in so arguing, the commissioner in essence asks the court to uphold the ALJ's decision because the ALJ could have supportably found that the plaintiff's VA disability ratings decision was entitled to little weight. This the court cannot do. *See, e.g., Day v. Astrue,* No. 1:12-cv-141-DBH, 2012 WL 6913439, at *10 (D. Me. Dec. 30, 2012) (rec. dec., *aff'd* Jan. 18, 2013) ("Pursuant to the rule of *SEC v. Chenery Corp.,* 332 U.S. 194 (1947), a reviewing court cannot affirm an agency's decision on the basis of a *post hoc* rationalization but must affirm, if at all, on the basis of a rationale actually articulated by the agency decision-maker.") (citations and internal punctuation omitted).

*West* is distinguishable from the instant case because, while the ALJ did not assign specific weight to the VA disability ratings decision at issue, she discussed it in detail. *See West*, 2016 WL 7048694, at *2-5. Indeed, her decision was rendered following a remand by the Appeals Council predicated on her failure to have discussed or evaluated the VA disability ratings decision. *See id*. at *2. She stated that she declined to adopt the VA percentages because they were unexplained but noted that, in determining the functional limitations stemming from the claimant's impairments, both she and the agency nonexamining consultants on whose opinions she had relied had reviewed the same medical records on which the VA had based its decision. *See id.* at *3. In that context, this court concluded that, although the ALJ had failed to articulate the weight given to the VA decision, she could not "fairly be said to have accorded [it] no weight" when "[s]he emphasized that, while she accorded no weight to the unexplained findings of varying percentages of disability, she took into consideration VA records of clinical findings and reports – in other words, the underlying evidence on which the VA disability ratings decision was based." *Id*. at *4.

Notably, in *Genness-Bilecki*, as here, the commissioner pointed out that "agency nonexamining consultants had considered raw VA medical records on which the VA disability ratings decision was based." *Genness-Bilecki*, 2016 WL 4766229, at *3. The commissioner argued that this aligned the *Genness-Bilecki* case with *Smith v. Colvin*, No. 2:13-CV-00066-JAW, 2014 WL 220721 (D. Me. Jan. 21, 2014), in which an ALJ's discussion of a VA disability ratings decision was held to pass muster. *See id*. This court was unpersuaded, observing that in *Smith*, the ALJ had also "provided a sufficient explanation of his handling of the VA disability ratings decision." *Id*. The court observed:

> The mere fact that agency nonexamining consultants considered raw medical evidence underlying a VA disability ratings decision cannot remedy an [ALJ's] perfunctory rejection of such a decision: it is not a substitute for the [ALJ's] evaluation of the VA disability ratings decision itself.

6

*Id*.

Like the ALJ in *Genness-Bilecki*, and unlike the ALJ in *West*, the ALJ in this case failed to address the substance of the VA disability ratings decision and seemingly accorded it no weight. As in *Genness-Bilecki*, her discussion was nothing more than a "passing reference to" and a "perfunctory rejection of" the VA decision. *Id*. at *2 (citation and internal quotation marks omitted). Accordingly, remand is required.

At oral argument, the commissioner's counsel argued, in the alternative, that the ALJ's failure to explain her treatment of the plaintiff's VA disability ratings decision was at most harmless error, analogizing this case to two others in which this court has found harmless error in an omission to address evidence, *Chapman v. Colvin*, No. 1:16-cv-00231-JDL, 2016 WL 7441609 (D. Me. Dec. 26, 2016) (rec. dec., *aff'd* Feb. 10, 2017), and *Robshaw v. Colvin*, No. 1:14-cv-281-JHR, 2015 WL 3951959 (D. Me. June 28, 2015). Because this constitutes an independent basis for the affirmance of the decision that could have been, but was not, raised in the commissioner's responsive brief, it is waived. *See Connor v. Colvin,* No. 1:13-cv-00219-JAW, 2014 WL 3533466, at *5 n.4 (D. Me. July 16, 2014) ("The general rule in this district long has been that any claim or issue not raised in a claimant's statement of errors is deemed waived. I perceive no reason against, and indeed fairness would counsel for, the same rule applying with respect to responsive briefs, which the commissioner has been required to file since the amendment of Local Rule 16.3(a)(2) effective January 1, 2013.") (citation omitted).

In any event, even were the argument not waived, it is without merit. *Chapman* and *Robshaw* are materially distinguishable in that they concerned ALJs' failures to address a Maine Department of Health and Human Services disability determination and an opinion of a treating physician's assistant, implicating Social Security Ruling 06-03p ("SSR 06-03p"). *See Chapman*,

2016 WL 7441609 at *1, 4-5; *Robshaw*, 2015 WL 3951959, at *5-6. This court "treat[s] VA disability ratings decisions differently, imposing a requirement beyond that contained in SSR 06-03p: that an [ALJ] must give such decisions at least some weight." *Chapman*, 2016 WL 7441609, at *4 n.3. "As a result, it is difficult to make a persuasive case that a failure to address a VA disability ratings decision is harmless error." *Id.* For the reasons discussed above, the commissioner has made no such persuasive case here.

## II. Conclusion

For the foregoing reasons, the commissioner's decision is **VACATED**, and the case is **REMANDED** for proceedings consistent herewith.

Dated this 2nd day of March, 2018.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge